IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDI VROBEL<br>212 N. Oxford Valley Road<br>Fairless Hills, PA 19030<br>　　　　Plaintiff<br><br>v.<br><br>THE HARTFORD LIFE AND<br>ACCIDENT INSURANCE<br>COMPANY<br>1 Hartford Plaza<br>Hartford, CT 06155<br>　　　　Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: NO.: |

## COMPLAINT

NOW COMES, the Plaintiff, Randi Vrobel, by and through her Counsel, Pond, Lehocky, Giordano, LLP, and hereby complains of the above referenced Defendant, The Hartford Life and Accident Insurance Company, (hereinafter referred to as " The Hartford"), as follows:

I. **STATEMENT OF JURISDICTION:**

1. Jurisdiction is conferred upon this Honorable Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e). This Honorable Court has jurisdiction over all issues raising a federal question and this instant matter involves a disability policy issued to the Claimant through her Employer, thus it is governed by the Employee Retirement Income Security Act of 1974 (ERISA) 29 U.S.C. § 1011, et seq.

## II. VENUE:

2. Venue is proper in this jurisdiction as all actions and occurrences which give rise to the instant action occurred within the jurisdictional boundaries of this Honorable Court. Specifically, under the ERISA statute, venue is proper "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. §1132(e)(2). The Plaintiff resides within the jurisdictional boundaries of this Court. She was actually to receive benefits at an address within this  The breach took place within the jurisdictional boundaries of this Honorable Court;

## III. FACTS:

3. The Plaintiff, Randi Vrobel, is an adult and competent individual with a physical address of 212 N. Oxford Valley Road, Fairless Hills, PA 19030.

4. The Defendant, The Hartford, under information and belief, is a business entity with a principal place of business located at 1 Hartford Plaza, Hartford, CT 06155.

5. The Hartford is a business entity, which issues disability insurance policies which are governed by the Employee Retirement Insurance Security Act (ERISA), 29 U.S.C. §1011, et seq.

6. On a date certain, The Hartford, issued a policy providing disability insurance benefits to the Plaintiff through the Plaintiff's employer.

7. The policy of insurance aforementioned provided for an employee benefit plan as defined and covered under the terms of ERISA.

8. At all times material and relevant hereto, all policy premiums due on behalf of the Plaintiff under said policy were paid.

9. At all times material and relevant hereto, the Plaintiff performed all obligations required of her under said contract of insurance.

10. At all times material and relevant hereto, the Plaintiff was a qualified participant in the employee benefit plan provided by The Hartford to the Plaintiff's employer.

11. On a date certain, the Plaintiff filed an application for Long Term Disability Benefits with The Hartford.

12. By correspondence dated August 8, 2022, The Hartford notified the Plaintiff that benefits were being denied based upon the pre-existing condition clause to the policy.

13. The Plaintiff filed an administrative appeal and submitted more information including medical records and opinions from her doctor showing disability that she was disabled as a result of the after effects of her Covid-19 infection, which was not a pre-existing condition.

14. By correspondence dated September 12, 2022, The Hartford denied the Plaintiff's administrative appeal and advised the Plaintiff of her right to file a lawsuit

to dispute the adverse benefit decision.

15. The Hartford acted arbitrarily, capriciously, in a manner serving only its own business interest and in direct violation of ERISA when it denied the Plaintiff's claim for disability benefits.

16. The Plaintiff is entitled to disability insurance benefits under the aforementioned policy as she has satisfied through medical evidence that she meets the definition of disability and provided sufficient proof of loss to the Hartford.

18. The Plaintiff is entitled to recover the benefits due to her under the aforementioned insurance policy in accordance with 29 U.S.C. §1132.

19. As a direct and proximate result of the actions of The Hartford as herein above more particularly described, the Plaintiff has been caused to incur attorneys' fees in an amount not yet known.

20. As a direct and proximate result of the actions of The Hartford, the Plaintiff has sustained damages in an amount not yet known to the Plaintiff; however, upon information and belief, such damages will approximate the amount of benefits due and owing to the Plaintiff from December 29, 2021 to the present and continuing into the future.

WHEREFORE, the Plaintiff, Randi Vrobel, respectfully requests that judgment be entered against The Hartford as follows:

1. Ordering The Hartford to pay to the Plaintiff, Randi Vrobel, long term

disability insurance benefits from December 29, 2021 to the present and continuing into the future as provided for in the policy of insurance;

2. Awarding the Plaintiff, Randi Vrobel, prejudgment interest on the award until the date of judgment;

3. Awarding the Plaintiff's attorney's fees, court costs and other reasonable costs incurred for the prosecution of the instant action;

4. Granting such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

BY: _____
Michael J. Parker, Esquire
PA Bar ID No.: 93024

Pond, Lehocky, Giordano, LLP
One Commerce Square
2005 Market Street
18th Floor
Philadelphia, PA 19103
(215)568-7500
Mparker@disabilityjustice.com